UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE SMITH & WESSON
HOLDING CORP. SEC. LITIG.

Civil Action No. 07-CV-30238-MAP

## MEMORANDUM IN SUPPORT OF DEFENDANT SMITH & WESSON HOLDING CORP.'S MOTION TO COMPEL RESPONSIVE ANSWERS AS WELL AS THE PRODUCTION OF DOCUMENTS AND INFORMATION

Defendant Smith & Wesson Holding Corporation ("SWHC"), by and through its undersigned attorneys, respectfully moves this Court, pursuant to FED. R. CIV. P. 26, 34(b), 37(a), and Local Rule 37.1, for an order compelling the Lead Plaintiff, Oklahoma Firefighters Pension and Retirement System ("Plaintiff"), to provide responsive answers as well as documents and information responsive to SWHC's First Request for the Production of Documents and Request for Interrogatories ("Discovery Requests").[1]

## SUMMARY

Plaintiff's blanket assertion of multiple improper boilerplate general objections, and their wholesale application of the attorney-client privilege and work product doctrine are misguided and erroneous. The Consolidated Class Action Complaint filed by Plaintiff dated May 30, 2008 (the "Complaint") is predicated on vague references to allegedly false and misleading statements of "demand" by SWHC and certain of its officers and directors. To support its allegation that these statements of demand were false when made, the Complaint makes repeated references to numerous unnamed former employees of SWHC or "confidential insider sources" who claim (or are implied by

---

[1] In its First Request for the Production of Documents, SWHC requested the production of all documents concerning Plaintiff's answers to interrogatories. *See* Declaration of John A. Sten at ¶ 2 (Ex. A, Request No. 1). Plaintiff has refused to produce these documents for the same reasons it refuses to answer SWHC's interrogatories.

Plaintiff to claim) that SWHC knew demand was falling at the time they purportedly said demand was increasing.[2]  But, when Plaintiff is asked to identify with any degree of particularity (1) the material misstatements Plaintiff claim forms the basis of its allegations; and (2) the unnamed former SWHC employees referenced in the Complaint, it argues, *inter alia*, that such information is protected under the attorney-client privilege and attorney work-product doctrine.

That is not a correct assertion of the attorney-client privilege or the work product doctrine.  As discussed more fully below, it is well settled that neither the attorney-client privilege nor the work product doctrine protects the underlying factual basis for the allegations raised in the Complaint.  It is equally well settled that SWHC is entitled to the identity of all persons having knowledge of discoverable information.  That is precisely the type of information SWHC seeks in its Discovery Requests.  This information is highly relevant to the claims and defenses asserted in this action.  What is more,  both the Federal Rule of Civil Procedure and established precedent mandate its disclosure.

Accordingly, SWHC requests an order compelling Plaintiff to provide responsive answers as well as documents and information responsive to SWHC's Discovery Requests.

## **BACKGROUND**

1.    In this action, Plaintiff, the putative representative of a class of investors, alleges that SWHC and certain of its officers and directors, made a series of public statements in which they fraudulently misrepresented demand for Smith & Wesson products.  Specifically, Plaintiff alleges that SWHC and certain of its officers and

---

[2]  *See* Memorandum and Order dated March 26, 2009 [Docket No. 71], at p. 4.

directors knowingly misled investors into believing that strong consumer demand for its products supported the positive financial outlook that the Company issued at the start of the Class Period[3] and reiterated on September 6, 2007. *See generally* Complaint.

2.      But, the Complaint includes blanket references to a whole host of statements purportedly made by SWHC and certain of its officers and directors during that time period, some of which may be alleged as misstatements and some of which may not be misstatements. By its pleading, it is not at all clear which is which. In addition, the Complaint makes repeated references to numerous unnamed former employees of SWHC including, but not limited to, the following:

(a)      The Director of Retail Sales, as referenced in ¶¶ 37, 39, 57 and 61 of the Complaint;

(b)      The Sales Administrator for the Law Enforcement Division, as referenced in ¶¶ 48-50, 52-55, 57, 59, 60, 63, 91 and 98 of the Complaint;

(c)      The Engineer who was responsible for increasing operations efficiency at the Springfield, Massachusetts plant, as referenced in ¶¶ 51, 57, 80-85, 97 and 101-103 of the Complaint;

(d)      The Marketing Manager of the Performance Center, as referenced in ¶¶ 54, 57, 58, 60, 62, 82, 89, 90, 92, 99 and 100 of the Complaint;

(e)      The Regional Sales Manager, as referenced in ¶ 57 of the Complaint;

(f)      The Long Guns Product Manager, as referenced in ¶ 57 of the Complaint;

(g)      The Director of Procurement, Planning and Inventory Control, as referenced in ¶ 57 of the Complaint;

(h)      The District Sales Representative who was responsible for territory in Ohio and Kentucky, as referenced in ¶¶ 63-67 and 75 of the Complaint;

(i)      The District Sales Representative who was responsible for Pennsylvania, as referenced in ¶¶ 63-67, 70, 76, and 96 of the Complaint;

---

[3]  The purported "Class Period" as alleged in the Complaint spans from June 14, 2007 through and including December 6, 2007. *See* Consolidated Class Action Complaint dated May 30, 2008 [Docket No. 47].

(j)    The Director of Sporting Goods Sales, as referenced in ¶¶ 68, 70 and 88 of the Complaint;

(k)    The Regional Sales Manager for the western region of the U.S., as referenced in ¶¶ 36, 69, 77, and 92-95 of the Complaint; and

(l)    The District Sales Representative for Florida and Georgia, as referenced in ¶¶ 73, 74, 94, and 95 of the Complaint.

3.    On October 16, 2009, SWHC served Plaintiff with its Request for the Production of Documents and Request for Interrogatories. *See* Declaration of John A. Sten ("Sten Decl."), at ¶ 2 (Ex.'s A and B). Many of the Interrogatories were aimed at determining the true scope of Plaintiff's allegations and its purported evidence in support of these claims.

4.    On November 30, 2009, Plaintiff served their Objections and Responses to SWHC's Request for the Production of Documents and Request for Interrogatories. *See* Sten Decl. at ¶ 3 (Ex.'s C and D). In its Response to SWHC's Discovery Requests, Plaintiff evaded answering nearly every question on the basis of privilege or as being premature in nature.

5.    In a letter dated December 24, 2009, SWHC's counsel addressed the glaring deficiencies of Plaintiff's responses to SWHC's Discovery Requests. *See* Sten Decl. at ¶ 4, Ex. E.

6.    On or about December 29, 2009, counsel for SWHC and Plaintiff conferred via telephone in accordance with Fed. R. Civ. P. 37(a) and (d), and Local Rule 37.1 to address outstanding discovery issues including, but not limited to, Plaintiff's failure to adequately respond to SWHC's Discovery Requests. *See* Sten Decl. at ¶ 5. During the call, counsel for Plaintiff indicated that Plaintiff's objections to the Discovery

Requests addressed in SWHC's Motion to Compel remained unchanged, although counsel did agree to reevaluate Plaintiff's responses and objections and indicated Plaintiff would file a supplemental response to SWHC's Discovery Requests.  Id.

7.    On January 4, 2010, Plaintiff provided additional documents bates-stamped LP000106 through LP000150.  See Sten Decl. at ¶ 6.  None of the documents, however, pertained to the Discovery Requests addressed herein.

8.    Shortly after, on or about January 25, 2010, Plaintiff filed Amended Objections and Responses to SWHC's Request for Interrogatories.  See Sten Decl. at ¶ 7 (Ex. F).  Plaintiff's responses and objections to SWHC's Discovery Requests addressed herein, however, remained unchanged.  Id.  Plaintiff continues to hide the nature of its claims and their underlying basis behind the improper cloak of "privilege."

## ARGUMENT

### I.    PLAINTIFF SHOULD BE ORDERED TO SUBMIT COMPLETE ANSWERS TO SWHC'S DISCOVERY REQUESTS.

Plaintiff's blanket assertion of the attorney-client privilege and attorney work-product doctrine to numerous of SWHC's Discovery Requests is inapplicable and erroneous for myriad reasons.  Accordingly, SWHC requests that this Court compel complete and responsive answers from Plaintiff as it has failed to satisfy its obligations under the Federal Rules of Civil Procedure.

A.    **The Attorney-Client Privilege And Work-Product
Doctrine Does Not Apply To Contention Interrogatories
And The Identity Of "Confidential Informants."**

1.    **Plaintiff has the burden of establishing privilege.**

As the party claiming attorney-client privilege and/or the work-product doctrine, the burden is on Plaintiff to establish that the privilege exists and covers the documents and information at issue.  *See* FDIC v. Ogden Corp., 202 F.3d 454 (1st Cir. 2000) (noting that "[i]n a discovery dispute, the burden to establish an applicable privilege rests on the party resisting discovery.") (internal citation omitted); *see also* In re Grand Jury Subpoena, 220 F.R.D. 130, 141 (D. Mass. 2004) (noting the burden of invoking protection under the attorney-client privilege or work-product doctrine "rests on the party resisting discovery.").  As discussed more fully below, Plaintiff cannot sustain this burden as to either privilege.

2.    **Disclosure of underlying facts and contentions is not protected
by the attorney-client privilege or work product doctrine.**

The purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."  *See* Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) (noting the attorney-client privilege protects communications made between an attorney and a client for the purpose of obtaining legal advice.).  While this privilege promotes unfettered communications between an attorney and client, the application of such privilege is "fact sensitive" and "must be addressed on a case-by-case basis."  Id. at 395; *see also* FDIC v. Ogden Corp., 202 F.3d at 461 (noting that "despite its venerable provenance, the attorney-client privilege is not absolute."); Colonial Gas Co. v. Aetan Casualty & Surety Company, 144 F.R.D. 600, 604 (D. Mass.

1992) (noting that "the privilege runs contrary to full disclosure of relevant information and is, therefore, narrowly construed.") (internal citation omitted).  The same general framework applies to application of the work-product doctrine, codified in Fed. R. Civ. P. 26(b)(3), which was designed to protect materials prepared by counsel in anticipation of litigation.  See Hickman v. Taylor, 329 U.S. 495, 511 (1947) (describing fundamentals of work product doctrine); see also Maine v. United States Dep't of Interior, 298 F.3d 60, 66 (1st Cir. 2002) (noting "the privilege protects work done by an attorney in anticipation of, or during, litigation from disclosure to the opposing party.").

The shelter afforded by the attorney-client privilege and/or the work-product doctrine, however, does not protect disclosure of the underlying facts upon which the matter is premised.  See Upjohn Co., 449 U.S. at 395-96 (concluding that "[the] protection of the privilege extends only to *communications* and not to facts" and that "[a] fact is one thing and a communication concerning that fact is an entirely different thing."); see also Tyler v. Suffolk County, 256 F.R.D. 34, 38 (D. Mass. 2009) (stressing that "[n]either the work product doctrine nor the attorney client privilege protects the underlying facts contained in the documents or communications.").

Indeed, it is well established that discovery requests that seek to discover the factual basis for the allegations raised in the complaint, answer or counterclaim and the theory of a party's case, are a "perfectly permissible form of discovery," to which a response is required.  See e.g. Hypertherm, Inc. v. American Torch Tip Company, 2008 U.S. Dist. LEXIS 108269, *7-*8 (D.N.H. 2008) (noting "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact…") (quoting Fed. R. Civ. P. 33(a)(2)); Ryan v. Mary

Immaculate Queen Ctr., 188 F.3d 857, 860 (7th Cir. 1999) (acknowledging contention interrogatory allows determination of whether party has any tenable basis for claim).  It is precisely this type of factual, non-privileged, highly relevant information that SWHC seeks (and has been deprived of) in its Discovery Requests.

>    **3.    Plaintiff's improper use of the attorney-client privilege and work product doctrine renders its Answers to SWHC's Discovery Requests incomplete and inadequate.**

As a result of its improper use of the attorney-client privilege and work product doctrine, Plaintiff's answers to SWHC's Discovery Requests referenced below are evasive, incomplete, and inadequate and should be treated as a failure to answer pursuant to Fed. R. Civ. P. 37(a)(4).  *See* Fed. R. Civ. P. 37(a)(4) (2010) ("[A]n evasive or incomplete …answer, or response must be treated as a failure to disclose, answer or respond."); *see also* Afreedi v. Bennett, 517 F. Supp.2d 521, (D. Mass. 2007) (noting that for purposes of a motion for order compelling discovery, an evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer, or respond); Steir v. Girl Scouts of the USA, 383 F.3d 7, 14 (1st Cir. 2004) (noting that although a responding party is not required to "perfect [an opponent's] litigating strategy" or reconstruct unclear interrogatories, "the spirit of the Civil Rules requires that a party be responsive, complete, and forthcoming in its answer…") (internal citation omitted).

## CONTESTED DISCOVERY REQUESTS

With the above-referenced principals in mind, it is clear that the answers provided by Plaintiff are insufficient, and supplemental answers are necessary to conform to the standards of the Federal Rules of Civil Procedure.  Accordingly, the following answers should be treated as a failure to answer by Plaintiff:

## SWHC INTERROGATORY NO. 1

Identify, in chronological order, each and every alleged material misstatement made by Defendant, upon which you contend Plaintiff relied, that forms the basis of Plaintiff's claims under Section 10(b) of the 1934 Act. Describe in detail the reasons you contend the statements were false or misleading, and describe in detail any facts or evidence supporting this belief.

## PLAINTIFF'S RESPONSE NO. 1

Plaintiff objects to [this request] on the ground that it calls for a legal conclusion and/or opinion. Plaintiff further objects to [this request] to the extent that it seeks information and/or documents that are subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Plaintiff further objects to [this request] on the ground that it seeks information and/or documents that are publicly available to S&W. Subject to and without waiving the foregoing objections, Plaintiff states as follows: Plaintiff has not completed fact discovery and/or trial preparation in this matter, and, therefore, any response to [this request] at this juncture of the litigation would be premature.

## SWHC REPLY NO. 1

### A.   The Attorney-Client Privilege and
### Work Product Doctrine Do Not Apply.

Contrary to Plaintiff's objection, SWHC's Interrogatory No. 1 does not ask for a legal conclusion and the information requested is not subject to the attorney-client privilege or work-product doctrine. SWHC is simply asking Plaintiff to set forth, with particularity, the alleged misstatements of demand that form the basis of their claims under Section 10(b) of the 1934 Act. That SWHC is not entitled to discovery from Plaintiff of its factual basis for the allegations asserted in the Complaint is in direct contravention of established First Circuit precedent. *See e.g.* Upjohn Co., 449 U.S. at 395 (noting the shelter afforded by the attorney-client privilege "only protects disclosure of communication; it does not protect disclosure of the underlying facts by those who

communicated with the attorney."); *see also* <u>Tyler v. Suffolk County</u>, 256 F.R.D. at 38 ("Neither the work product doctrine nor the attorney-client privilege protects the underlying facts contained in the documents or communications."). Discovery requests that seek to discover the factual basis for the allegations raised in the complaint, answer or counterclaim and the theory of a party's case, are a "perfectly permissible form of discovery," to which a response is required. *See* <u>Hypertherm, Inc. v. American Torch Tip Company</u>, 2008 U.S. Dist. LEXIS 108269, *7-*8 (D.N.H. 2008).

**B.     Plaintiff's Vague Reference to Public
<u>Documents Is Equally Unavailing.</u>**

Plaintiff's vague response that it is relieved from responding because SWHC "seeks information and/or documents that are publicly available to S&W" is equally flawed. While Fed. R. Civ. P. 33(d) permits a party to answer interrogatories with reference to business records, it is crucial that the answering party have "adequately and precisely specified for each interrogatory, the <u>actual</u> documents where the information will be found. *See* <u>SEC v. Elfindepan, S.A.</u>, 206 F.R.D. 574, 576 (M.D. NC 2002) (noting that "document dumps or vague references to documents do not suffice.") (internal citations omitted); *see also* <u>Matthews v. US Air, Inc.</u>, 882 F. Supp. 274, 275 (N.D.N.Y. 1995) (noting that Rule 33(d) "does not permit a party to answer simply by directing the seeking party to an undifferentiated mass of business records which may or may not answer the interrogatory.") (internal citation omitted). Moreover, where interrogatories are a mixture of contention interrogatories and requests for statements of fact, they do not lend themselves to answer by use of Rule 33(d). *See* <u>SEC v. Elfindepan, S.A.</u>, 206 F.R.D. at 577 (concluding that "[o]nly the plaintiff can identify its own contentions and the burden on defendants to try and divine plaintiff's contentions from

documents obviously imposes a greatly unequal burden on defendants."). The Elfindepan Court further opined that "documents themselves rarely, if ever, reveal contentions of fact or law. A party reveals its contentions." Id. at 576.

**C.    Plaintiff's Claim That Interrogatory No. 1 Is "Premature" Is Erroneous.**

Finally, Plaintiff's contention that "any response to [this request] at this juncture of the litigation would be premature," defies logic. In essence, Plaintiff is saying that more than two years after the commencement of this litigation, they cannot (and should not) be compelled to identify the factual basis for the allegations raised in the complaint. Such an argument strains credulity. As this Court has readily acknowledged in its Memorandum and Order dated March 26, 2009 [Docket No. 71], Plaintiff's allegations in this matter are remarkably "thin" to begin with, and SWHC is entitled to the requested information to adequately prepare its defense of the claims asserted.

**SWHC INTERROGATORY NO. 2**

Identify, in chronological order, each and every alleged material misstatement made by Defendant, upon which you contend the public securities markets relied in determining the efficient market price of Smith & Wesson stock between June 1, 2007 and December 31, 2007. Describe in detail the reasons you contend the statements were false or misleading, and describe in detail any facts or evidence supporting this belief.

**PLAINTIFF'S RESPONSE NO. 2**

Plaintiff objects to [this request] on the ground that it calls for a legal conclusion and/or opinion. Plaintiff further objects to [this request] to the extent that it seeks information and/or documents that are subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Plaintiff further objects to [this request] on the ground that it seeks information and/or documents that are publicly available to S&W. Subject to and without waiving the foregoing objections, Plaintiff states as follows: Plaintiff has not completed fact discovery and/or trial preparation in

11

this matter, and, therefore, any response to [this request] at this juncture of the litigation would be premature.

### SWHC REPLY NO. 2

Plaintiff's assertion of the same objection it used as to Interrogatory No. 1 is unavailing here for the same reasons as stated in SWHC's Reply No. 1, which is incorporated by reference herein, Plaintiff should be ordered to answer for the same reasons. At this stage of the litigation, there is no plausible reason by Plaintiff cannot identify the particular misstatements allegedly made by Defendants. Blanket reference of the Complaint cannot suffice.

### SWHC INTERROGATORY NO. 3

Identify, in chronological order, each and every alleged omission of material fact that forms the basis of Plaintiff's claims under Section 10(b) of the 1934 Act. With respect to each omission, identify either (1) the duty that gave rise to disclose the information; (2) the statement(s) that the omission made materially false or misleading; or both, if applicable.

### PLAINTIFF'S RESPONSE NO. 3

Plaintiff objects to [this request] on the ground that it calls for a legal conclusion and/or opinion. Plaintiff further objects to [this request] to the extent that it seeks information and/or documents that are subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Plaintiff further objects to [this request] on the ground that it seeks information and/or documents that are publicly available to S&W. Subject to and without waiving the foregoing objections, Plaintiff states as follows: Plaintiff has not completed fact discovery and/or trial preparation in this matter, and, therefore, any response to [this request] at this juncture of the litigation would be premature.

**SWHC REPLY NO. 3**

Plaintiff's assertion of the same objection it used as to Interrogatory No. 1 is unavailing here for the same reasons as stated in SWHC's Reply No. 1, which is incorporated by reference herein, Plaintiff should be ordered to answer for the same reasons. The actual material facts that Plaintiff contends are misstated or omitted cannot under any stretch be deemed "legal conclusions." They are the very essence of Plaintiff's case, which it has the burden of proving.

**SWHC INTERROGATORY NO. 4**

For each such statement or omission identified in Interrogatory Nos. 1-3, state the basis for your contention that the price of Smith & Wesson's stock rose as a result of such statement or omission.

**PLAINTIFF'S RESPONSE NO. 4**

Plaintiff objects to [this request] on the ground that it calls for a legal conclusion and/or opinion. Plaintiff further objects to [this request] to the extent that it seeks information and/or documents that are subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Plaintiff further objects to [this request] on the ground that it seeks information and/or documents that are publicly available to S&W. Subject to and without waiving the foregoing objections, Plaintiff states as follows: Plaintiff has not completed fact discovery and/or trial preparation in this matter, and, therefore, any response to [this request] at this juncture of the litigation would be premature.

**SWHC REPLY NO. 4**

Plaintiff's assertion of the same objection it used as to Interrogatory No. 1 is unavailing here for the same reasons as stated in SWHC's Reply No. 1, which is incorporated by reference herein, Plaintiff should be ordered to answer for the same reasons. Plaintiff is obligated to prove damages and causation in this case. These

essential elements cannot be cloaked from discovery behind bogus claims of "legal conclusion and/or opinion," attorney-client privilege, and/or work product doctrine.

**SWHC INTERROGATORY NO. 5**

Identify each statement that you contend revealed to the public securities markets the falsity of the statements or omissions identified in Interrogatory Nos. 1-3, and for each such statement or omission, state the basis for your contention that Smith & Wesson's stock price fell as a result.

**PLAINTIFF'S RESPONSE NO. 5**

Plaintiff objects to [this request] on the ground that it calls for a legal conclusion and/or opinion. Plaintiff further objects to [this request] to the extent that it seeks information and/or documents that are subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Plaintiff further objects to [this request] on the ground that it seeks information and/or documents that are publicly available to S&W. Subject to and without waiving the foregoing objections, Plaintiff states as follows: Plaintiff has not completed fact discovery and/or trial preparation in this matter, and, therefore, any response to [this request] at this juncture of the litigation would be premature.

**SWHC REPLY NO. 5**

Plaintiff's assertion of the same objection it used as to Interrogatory No. 1 is unavailing here for the same reasons as stated in SWHC's Reply No. 1, which is incorporated by reference herein, Plaintiff should be ordered to answer for the same reasons. An essential part of Plaintiff's case is that the market price of SWHC stock dropped once the so-called "truth" behind SWHC's alleged prior misstatements was revealed. Accordingly, Plaintiff should be required to identify the particular statements allegedly made by SWHC that revealed this "truth."

## SWHC INTERROGATORY NO. 6

Identify the following unnamed former employees of Smith and Wesson as contained in the Complaint:

a.    the Director of Retail Sales, as referenced in ¶¶ 37, 39, 57 and 61 of the Complaint;

b.    the Sales Administrator for the Law Enforcement Division, as referenced in ¶¶ 48-50, 52-55, 57, 59, 60, 63, 91 and 98 of the Complaint;

c.    the Engineer who was responsible for increasing operations efficiency at the Springfield, Massachusetts plant, as referenced in ¶¶ 51, 57, 80-85, 97 and 101-103 of the Complaint;

d.    the Marketing Manager of the Performance Center, as referenced in ¶¶ 54, 57, 58, 60, 62, 82, 89, 90, 92, 99 and 100 of the Complaint;

e.    the Regional Sales Manager, as referenced in ¶ 57 of the Complaint;

f.    the Long Guns Product Manager, as referenced in ¶ 57 of the Complaint;

g.    the Director of Procurement, Planning and Inventory Control, as referenced in ¶ 57 of the Complaint;

h.    the District Sales Representative who was responsible for territory in Ohio and Kentucky, as referenced in ¶¶ 63-67 and 75 of the Complaint;

i.    the District Sales Representative who was responsible for Pennsylvania, as referenced in ¶¶ 63-67, 70, 76, and 96 of the Complaint;

j.    the Director of Sporting Goods Sales, as referenced in ¶¶ 68, 70 and 88 of the Complaint;

k.    the Regional Sales Manager for the western region of the U.S., as referenced in ¶¶ 36, 69, 77, and 92-95 of the Complaint; and

l.    the District Sales Representative for Florida and Georgia, as referenced in ¶¶ 73, 74, 94, and 95 of the Complaint.

**PLAINTIFF'S RESPONSE NO. 6**

Plaintiff objects to [this request] to the extent that it seeks information and/or documents that are subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

**SWHC REPLY NO. 6**

Plaintiff's assertion of the same objection as Interrogatory No. 1 is unavailing here for the same reasons as stated in SWHC's Reply No. 1 and Plaintiff should be ordered to answer for the same reasons.  In addition, the Federal Rules of Civil Procedure are explicit that SWHC is entitled to discover the identity and location of persons having knowledge of any discoverable matter.  *See e.g.* Fed. R. Civ. P. 26(b)(1) (2010) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition and location of any documents or tangible things <u>and the identity and location of persons who know of any discoverable matter</u>.") (emphasis added); <u>Commonwealth of Massachusetts v. First National Supermarkets, Inc.</u>, 112 F.R.D. 149, 152 (D. Mass. 1986) (noting that when a party propounds an interrogatory requesting the identity of persons having knowledge of discoverable information, there is "no problem of attorney-client privilege … and it has been held repeatedly that such information is not work product ... in other words, an interrogated party cannot avoid an answer on the ground that the names were learned by counsel in the course of an investigation.") (internal citation omitted); <u>Tyler v. Suffolk County</u>, 256 F.R.D. at 38 (concluding "[t]he names and contact information of the inmates and witnesses identified in the questionnaires constitutes factual information which does not receive the protection of either the work-product doctrine or the attorney-client privilege.").  That is precisely the case here.

As referenced above, the Complaint makes repeated references to numerous unnamed former employees of SWHC, and representations purportedly made by those employees, in support of their allegations. In fact, the Complaint is predicated almost entirely upon the purported statements made by these former employees. For Plaintiff to now argue that SWHC is not entitled to the mere identity of these individuals and that such information is somehow privileged is not only patently false, but disingenuous.

## SWHC INTERROGATORY NO. 9

State the basis of your claim that Smith & Wesson securities were traded in an efficient market.

## PLAINTIFF'S RESPONSE NO. 9

Plaintiff objects to [this request] on the ground that it calls for a legal conclusion and/or opinion. Plaintiff further objects to [this request] to the extent that it seeks information and/or documents that are subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Plaintiff further objects to [this request] on the ground that it seeks information and/or documents that are publicly available to S&W. Subject to and without waiving the foregoing objections, Plaintiff states as follows: Plaintiff has not completed fact discovery, expert discovery, and/or trial preparation in this matter, and, therefore, any response to [this request] at this juncture of the litigation would be premature.

## SWHC REPLY NO. 9

Plaintiff's assertion of the same objection it used as to Interrogatory No. 1 is unavailing here for the same reasons as stated in SWHC's Reply No. 1, which is incorporated by reference herein, Plaintiff should be ordered to answer for the same reasons. As part of this case, Plaintiff must set forth sufficient facts to demonstrate that SWHC's stock was traded in an efficient market. Requesting the disclosure of these facts is in no way a legal conclusion. Plaintiff should therefore be required to answer Interrogatory No. 9.

**SWHC INTERROGATORY NO. 10**

State the basis of your contention that Plaintiff is entitled to a presumption of

"fraud on the market."

**PLAINTIFF'S RESPONSE NO. 10**

Plaintiff objects to [this request] on the ground that it calls for a legal conclusion and/or opinion. Plaintiff further objects to [this request] to the extent that it seeks information and/or documents that are subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Plaintiff further objects to [this request] on the ground that it seeks information and/or documents that are publicly available to S&W. Subject to and without waiving the foregoing objections, Plaintiff states as follows: Plaintiff has not completed fact discovery, expert discovery, and/or trial preparation in this matter, and, therefore, any response to [this request] at this juncture of the litigation would be premature.

**SWHC REPLY NO. 10**

Plaintiff's assertion of the same objection it used as to Interrogatory No. 1 is unavailing here for the same reasons as stated in SWHC's Reply No. 1, which is incorporated by reference herein, Plaintiff should be ordered to answer for the same reasons. The presumption of "fraud on the market" is a factual presumption, not a legal one. Plaintiff should therefore be required to answer Interrogatory No. 10.

**SWHC INTERROGATORY NO. 11**

State the basis of your calculation of damages claimed by the putative class as a

result of the alleged misstatements or omissions identified in Interrogatories Nos. 1-3.

**PLAINTIFF'S RESPONSE NO. 11**

Plaintiff objects to [this request] on the ground that it calls for a legal conclusion and/or opinion. Plaintiff further objects to [this request] to the extent that it seeks information and/or documents that are subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Plaintiff further objects to [this request] on the ground that it seeks information and/or documents that are publicly available to S&W. Subject to and without waiving the foregoing objections, Plaintiff states as follows: Plaintiff has not completed fact discovery, expert discovery, and/or

trial preparation in this matter, and, therefore, any response to [this request] at this juncture of the litigation would be premature.

### SWHC REPLY NO. 11

Plaintiff's assertion of the same objection it used as to Interrogatory No. 1 is unavailing here for the same reasons as stated in SWHC's Reply No. 1, which is incorporated by reference herein, Plaintiff should be ordered to answer for the same reasons.  In Plaintiff's Amended Initial Disclosure Statement Pursuant to Fed. R. Civ. P. 26(a)(1) dated August 18, 2009, Plaintiff stated that its expert "determined that aggregate damages suffered by the Class during the Class Period were approximately $176.6 million."  *See* Plaintiff's Amended Initial Disclosure Statement Pursuant to Fed. R. Civ. P. 26(a)(1) at pp. 9-10.  Now, Plaintiff inexplicably argues that such information calls for a "legal conclusion" or is somehow privileged.    Such an argument strains credulity. Plaintiff should therefore be required to answer Interrogatory No. 11.

### CONCLUSION

**WHEREFORE**, SWHC respectfully requests that:

(a)     This Court prohibit Plaintiff from introducing evidence concerning the above-referenced discovery requests;

(b)     Plaintiff be ordered to provide supplemental responses to each of the discovery requests referred to in this motion within ten (10) days of the entry of the Order along with an appropriate privilege log;

(c)     Plaintiff shall be responsible for reimbursing SWHC an amount to be determined by the Court equal to the costs incurred by SWHC in bringing this motion in accordance with Fed. R. Civ. P. 37(a)(5); and

(d)    This Court grant such other and further relief as it deems just and proper.


DATED:  February 16, 2010

<div style="margin-left: 50%">

Smith & Wesson Holding Corp.,

By its attorneys,


/s/  John A. Sten
John A. Sten (BBO #629577)
Jason C. Moreau (BBO #648678)
Michael E. Pastore (BBO #669692)
GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts 02110
Telephone:  (617) 310-6025
Facsimile:  (617) 279-8425
stenj@gtlaw.com
moreauj@gtlaw.com
pastorem@gtlaw.com

</div>

| | |
|---|---|
| Francis D. Dibble, Jr. (BBO #123220) | E. Jeffrey Walsh (*Pro Hac Vice*) |
| BULKLEY, RICHARDSON & | Brian J. Schulman (*Pro Hac Vice*) |
| GELINAS, LLP | GREENBERG TRAURIG, LLP |
| 1500 Main Street, Suite 2700 | 2375 E. Camelback Road, Suite 700 |
| Springfield, Massachusetts 01115-5507 | Phoenix, Arizona 85016 |
| Telephone:  (413) 272-6246 | Telephone:  (602) 445-8000 |
| Facsimile:  (413) 272-6804 | Facsimile:  (602) 445-8100 |
| fdibble@bulkley.com | walshj@gtlaw.com |
| | schulmanb@gtlaw.com |


## <u>LOCAL RULE 7.1(A)(2) CERTIFICATE</u>

Counsel-of-record for SWHC hereby certifies, pursuant to Local Rule 7.1(A)(2),

that they conferred with counsel-of-record for Plaintiff in a good faith effort to resolve

and narrow the issues presented in this motion.


<div style="margin-left: 50%">

/s/ John A. Sten
John A. Sten

</div>

## CERTIFICATE OF SERVICE

I, John A. Sten, certify that on February 16, 2010, the following document was filed electronically with the Court.  Notice will be sent by e-mail to all parties through the Court's electronic filing system and the filing may be accessed through the Court's system.

/s/ John A. Sten_____
John A. Sten