UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SMITH & WESSON HOLDING CORP. SEC. LITIG. | Civil Action No. 07-CV-30238-MAP |

**MEMORANDUM IN SUPPORT OF DEFENDANT
SMITH & WESSON HOLDING CORP.'S MOTION TO
<u>STRIKE THE DECLARATION OF CANDACE L. PRESTON</u>**

Defendants Michael F. Golden ("Golden"), John A. Kelly ("Kelly"), and Smith & Wesson Holding Corporation ("SWHC") (collectively "Defendants"), by and through their undersigned attorneys, respectfully move this Court, pursuant to FED. R. CIV. P. 16(f), 26(a)(2), 37(c), and Local Rule 37.1, for an order striking the Declaration of Candace L. Preston in support of Plaintiff's Motion for Class Certification ("Preston Declaration") filed by Lead Plaintiff, Oklahoma Firefighters Pension and Retirement System ("Plaintiff") in conjunction with its Reply in Further Support of Plaintiff's Motion for Class Certification ("Reply").

**<u>PRELIMINARY STATEMENT</u>**

Looking past the pervasive rhetoric and hyperbole put forth by Plaintiff, the fact remains that its Motion for Class Certification lacks the basic facts needed, and consists of little more than a regurgitation of the self-serving allegations contained in the Complaint. Now, in an attempt to remedy the fatal deficiencies of its Motion, Plaintiff -- at the eleventh hour -- has filed an expert declaration prepared by Candace L. Preston in conjunction with its 31-page Reply, purportedly to lend credence to Plaintiff's allegations that the fraud-on-the-market presumption applies and that common questions of reliance and loss causation predominate. The Preston Declaration -- even if accepted -- does not

provide the support needed for class confirmation.  Nevertheless, its inclusion as part of Plaintiff's Reply is improper, and it should be struck for numerous reasons.

First, the class certification expert declaration is untimely and in contravention of this Court's Scheduling Order dated July 22, 2009 [Docket No. 88], which explicitly states that class certification discovery "shall be completed by January 12, 2010" -- almost three full months ago.  By submitting the declaration by way of reply, Plaintiff attempts to deprive Defendants of their due process rights of cross-examination and response.  This tactic by Plaintiff is further compounded by Plaintiff's failure to comply with the disclosure requirements mandated under Fed. R. Civ. P. 26: Plaintiff did not disclose or identify Ms. Preston in either its initial or supplemental disclosures as a witness who Plaintiff may use to support its claims.  Secondly, Plaintiff's Declaration should be stricken on the basis that it introduces -- for the first time -- purported evidence and arguments not addressed in Plaintiff's initial Motion.

## BACKGROUND

1. On July 22, 2009, this Court filed a Further Scheduling Order ("Scheduling Order") [Docket No. 88], establishing a schedule for this litigation and stating that the parties shall complete their initial disclosures under Fed. Rule Civ. P. 26(a) by August 11, 2009, and that all discovery with respect to class certification shall be completed by January 12, 2010.  *See* Scheduling Order, at ¶¶ 1, 3.

2. On or about June 3, 2009, Plaintiff filed its Initial Disclosure Statement pursuant to Fed. Rule Civ. P. 26(a)(1).  *See* Declaration of John A. Sten ("Sten Decl.") at ¶ 2.  This Disclosure did not identify Ms. Preston as a potential expert witness.

3. On or about August 18, 2009, Plaintiff filed an Amended Initial Disclosure Statement pursuant to Fed. R. Civ. P. 26(a)(1). *See* Sten Decl. at ¶ 3. This Disclosure likewise did not identify Ms. Preston as a potential expert witness.

4. On October 13, 2009, Plaintiff filed its Motion for Class Certification [Docket No. 91].

5. On or about October 16, 2009, Defendant propounded its Request for Interrogatories ("Defendants' Interrogatories") on Plaintiff and requested, *inter alia,* the following information:

   (a) State the basis of your claim that Smith & Wesson securities were traded in an efficient market.

   (b) State the basis of your contention that Plaintiff is entitled to a presumption of "fraud on the market."

   (c) For each expert whom Plaintiff expects to call as a witness <u>at any hearing</u> or trial, state: (a) the name and address of the expert; (b) the subject matter on which the expert is expected to testify; (c) the substance of the facts and opinions to which the expert is expected to testify; and (d) the grounds for each such opinion.

*See* Sten Decl. at ¶ 4 (Interrogatory No.'s 9, 10, 15) (emphasis added).

6. On November 30, 2009, Plaintiff filed its Objections and Responses to Defendants' Request for Interrogatories ("Plaintiff's Responses"). Plaintiff objected to Interrogatory No. 15 stating, *inter alia*, that "Plaintiff has neither completed expert discovery nor prepared expert reports in this matter and, therefore, any response to Interrogatory No. 15 at this junction of the litigation would be premature." *See* Sten Decl. at ¶ 5.

7. On January 12, 2010, discovery with respect to class certification closed. *See* Scheduling Order, ¶ 3.

8. On January 25, 2010, Plaintiff filed Amended Objections and Responses to Defendants' Request for Interrogatories ("Plaintiff's Amended Responses"). As part of its Amended Response to Interrogatory No. 15, Plaintiff stated that it "has neither completed expert discovery nor prepared expert reports in this matter and, therefore, any response to Interrogatory No. 15 at this junction of the litigation would be premature." *See* Sten Decl. at ¶ 6.

9. On March 8, 2010, Defendants filed their Opposition to Plaintiff's Motion for Class Certification [Docket No. 101].

10. On April 5, 2010, Plaintiff filed its Reply in Further Support of its Motion for Class Certification [Docket No. 107}. In support of its Reply, Plaintiff filed the Declaration of Candace L. Preston in Support of Plaintiff's Motion for Class Certification [Docket No. 109].

## ARGUMENT

### I. PLAINTIFF CANNOT OFFER EVIDENCE FOR THE FIRST TIME IN A REPLY BRIEF THAT SHOULD HAVE BEEN INCLUDED IN ITS INITIAL MOTION

The purpose of a reply brief is to address specific points contained in the other party's opposition, not to make new arguments or introduce new evidence. *See* <u>Andresen v. Diorio</u>, 349 F.3d 8, 13 (1st Cir. 2003) (concluding that an "argument, even if adequate, would be forfeit because it is presented for the first time in the reply brief."); *see also* <u>Roe v. Doe</u>, 2009 U.S. Dist. LEXIS 59440, *14 (N.D. Cal. 2009) (acknowledging that the "raising of new issues and submission of new facts in a reply brief is improper.") (internal citation omitted); <u>Tucson Women's Center v. Arizona Medical Bd.</u>, 666 F.Supp.2d 1091, 1102 (D. Ariz. 2009) (noting a court "normally does not consider

evidence submitted for the first time with a reply because the other side has not had a fair opportunity to respond."). That is precisely the situation here.

Plaintiff submits the Preston Declaration in further support of its Motion for Class Certification and contends that the declaration "solidly buttress[es]" its argument that the fraud-on-the-market presumption applies and that common questions of reliance and loss causation predominate. *See* Plaintiff's Reply at p. 20. The reality, however, is that the Preston Declaration is not a "buttress," but rather a "band-aid" utilized by Plaintiff in a last minute attempt to cure the defects in its initial Motion which lacks any evidentiary support and does little more than regurgitate the same allegations upon which the Complaint is based -- the majority of which this Court has found to be non-actionable forward-looking statements.

For example, the loss causation "analysis" in Plaintiff's initial Motion is predicated on nothing more than the conclusory statement that "facts common to all members of the Class will establish loss causation because all of their losses resulted from the precipitous decline in the price of S&W's stock immediately after the market learned the facts that Defendants had intentionally concealed." *See* Plaintiff's Memo. at p. 14. Now, for the first time, Plaintiff references and relies upon an "event study conducted by Plaintiff's [undisclosed] expert" to purportedly confirm that the disclosures in the Complaint "almost certainly caused the declines in S&W's stock price." *See* Plaintiff's Reply at p. 28. Not surprisingly, neither Ms. Preston nor the "event study" purportedly conducted by her are referenced or alluded to in Plaintiff's initial Motion.

Similarly, in support of its argument that Smith & Wesson's stock traded in an "efficient market" and that it is entitled to the "fraud-on-the-market presumption," Plaintiff again relies on the so-called "event study" conducted by Ms. Preston as well as "comparative market models" to establish that there is a "cause and effect relationship between S&W's stock price and unexpected corporate events." None of this information, however, is contained in Plaintiff's initial Motion, nor was it disclosed to Defendants prior to Plaintiff's Reply. Accordingly, this Court should disregard all arguments and evidence submitted for the first time in Plaintiff's Reply.

## II. PLAINTIFF'S USE OF THE UNDISCLOSED EXPERT DECLARATION IS UNTIMELY AND INAPPROPRIATE

### A. Plaintiff's Conduct Is Contrary To This Court's Scheduling Order

The Scheduling Order entered by this Court on July 22, 2009 [Docket No. 88] explicitly states that Plaintiff's Motion for Class Certification shall be filed by October 12, 2009, and that "[a]ll discovery with respect to class certification shall be completed by January 12, 2010." *See* Scheduling Order, ¶¶ 2-3. Implicit in this directive is that all individuals with discoverable information or likely to have discoverable information as it relates to Plaintiff's Motion for Class Certification -- including Ms. Preston -- would be disclosed by Plaintiff either as part of Plaintiff's Motion, which was filed on October 12, 2009, or, at the very least, sometime before the close of the class certification discovery period on January 12, 2010.

But Plaintiff chose not to rely on expert testimony in moving for class certification in October 2009. To the contrary, Defendants only first learned of Ms. Preston's expert designation when her declaration was filed in conjunction with Plaintiff's Reply -- almost six months after Plaintiff's Motion, and close to three full

6

months after class certification discovery had closed.  Significantly, Plaintiff's initial Motion for Class Certification makes no mention of Ms. Preston or her purported "expert analysis" -- a telling fact given that Plaintiff's Reply relies almost exclusively upon the Preston Declaration in support of its argument that the fraud-on-the-market presumption applies and that common questions of reliance and loss causation predominate.[1]

Plaintiff's conduct not only contravenes the clear directive of this Court but also effectively deprives Defendants of the opportunity to interview, question, depose or otherwise discover information about Ms. Preston and her purported expert analysis upon which Plaintiff now relies in support of its Motion for Class Certification including, but not limited to, (1) Ms. Preston's underlying qualifications, professional knowledge and experience; (2) the purported basis and support for her opinion; (3) the specific documents reviewed and relied upon; (4) her understanding of fundamental concepts such as "market efficiency," "reliance," "materiality" and "loss causation"; (5) application of the so-called "Efficient Market Hypothesis"; (6) the so-called "empirical facts" that purportedly show a "cause and effect relationship" between unexpected corporate events and a rapid response in S&W's stock price; (7) the sum and substance of her "search of the electronic archives of news articles pertaining to S&W"; (8) the rationale utilized in her selection of various "news items" and "events" which she posited "might have caused a change in the price of S&W's common stock; (9) the so-called "event study" conducted using the "regression equation"; (10) application of the so-called "statistical method of linear regression"; and (11) the "several market models" developed by Ms. Preston that purportedly "quantified the mathematical and statistical relationships

---

[1] Despite the numerous inaccuracies and fallacious presumptions contained within Ms. Preston's declaration, the merits of the declaration, or lack thereof, are not addressed herein.  Had Plaintiff properly disclosed its expert, expert testimony rebutting Ms. Preston's "analysis" would have been proffered.

between changes in the price of S&W's common stock and changes in the NASDAQ Composite Index."

### B. Plaintiff Failed To Comply With Its Disclosure Obligations Under Fed. R. Civ. P. 26

Fed. R. Civ. P. 26(a)(1) requires parties to disclose "the name and, if known, the addresses and telephone numbers of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses…" *See* Fed. R. Civ. P. 26(a)(1) (2010). Moreover, Fed. R. Civ. P. 26(e) imposes a continuing duty on each party to supplement its Rule 26(a) disclosures. *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party who has made a disclosure under Rule 26(a) -- or who has responded to an interrogatory, request for production, or request for admission -- <u>must</u> supplement or correct its disclosure or response <u>in a timely manner</u> if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.") (emphasis added). In the class action context, this duty includes specifically identifying individuals who may support the putative plaintiff's position. *See e.g.* <u>In re FedEx Ground Package System, Inc., Employment Practices Litigation</u>, 2007 U.S. Dist. LEXIS 53327, *9 (N.D. Ind. 2007)(noting "the purpose of disclosure under Rule 26 is to have open, not hidden, discovery" and that "[l]ong gone are the days of litigation by ambush where key witnesses or critical information is sprung on the opponent at the last moment, too late to respond.") (internal citation omitted); *see also* <u>AVX Corp. v. Cabot Corp.</u>, 251 F.R.D. 70, 76 (D. Mass. 2008) (noting "parties have a duty to supplement their initial

8

disclosures and discovery responses at appropriate intervals during the discovery period.") (internal citation omitted).  Such disclosure did not occur here.

As referenced above in the background facts, Defendants propounded discovery requests upon Plaintiff on October 16, 2009 -- three days after Plaintiff filed its Motion for Class Certification -- and requested, *inter alia*, that Plaintiff:

    (1)    State the basis of its claim that Smith & Wesson securities were traded in an efficient market;

    (2)    State the basis its contention that Plaintiff is entitled to a presumption of "fraud on the market"; and

    (3)    For each expert whom Plaintiff expects to call as a witness <u>at any hearing</u> or trial, state:
        (a)    the name and address of the expert;
        (b)    the subject matter on which the expert is expected to testify;
        (c)    the substance of the facts and opinions to which the expert is expected to testify; and
        (d)    the grounds for each such opinion.

*See* Sten Decl. at ¶ 4 (Interrogatory No.'s 9, 10, 15).

Plaintiff objected to these requests in its initial Objections and Responses to Defendants' Request for Interrogatories dated November 30, 2009 stating that the factual predicate for the claim that Smith & Wesson securities were traded in an efficient market and that Plaintiff is entitled to a presumption of fraud on the market "is a matter for expert determination" and that because "Plaintiff has not yet completed fact and/or expert discovery, it would be <u>premature</u> for Plaintiff to provide all such facts at this juncture of the litigation." *See* Sten Decl. at ¶ 5 (emphasis added).  Similarly, with respect to Defendants' request to identify each expert whom Plaintiff expects to call as a witness "at any hearing," Plaintiff objected on the basis that "it seeks information and/or documents that are subject to the attorney-client privilege," that it "calls for a legal conclusion and/or

9

opinion," and that because "Plaintiff has neither completed expert discovery nor prepared expert reports in this matter … any response [to this Request] at this junction of the litigation would be premature." Id. at ¶ 5 (emphasis added).

On January 25, 2010 (approximately two weeks after the close of class certification discovery), Plaintiff filed Amended Objections and Responses to Defendants' Interrogatories. See Sten Decl. at ¶ 6. None of the responses, however, in any way identified Ms. Preston or the purported "expert analysis" upon which Plaintiff now relies in support of its Motion for Class Certification. For Plaintiff to object to Defendants' discovery requests as "premature" and then turn around and file an expert declaration as the primary support for its Motion for Class Certification after the discovery period specifically related to class certification has expired is disingenuous and should not be countenanced by this Court.

> **1. Because Plaintiff failed to comply with its disclosure obligations, this Court should strike the undisclosed Declaration of Ms. Preston.**

Under Fed. R. Civ. P. 37(c)(1), a party that fails to disclose or supplement the information required by Rule 26(a) or (e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." See Fed. R. Civ. P. 37(c)(1) (2010); see also Yeti By Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (noting Rule 37(c)(1) "gives teeth" to the requirements of Rule 26 by preventing a party from introducing any witness, information or document that was not previously disclosed). Thus, where (as here) a party fails identify individuals who will support its claims, declarations signed by those individuals should not be considered on a motion for class certification. See FedEx Ground, 2007 U.S. Dist. LEXIS 53327 at *17 (striking

declarations submitted by the defendant in support of its defenses because the individuals were not identified in initial or supplemental disclosures).

Plaintiff cannot credibly argue here that its failure to disclose the identity of Ms. Preston is harmless or justified under Fed. R. Civ. P. 37(c)(1); *see also* FedEx Ground, 2007 U.S. Dist. LEXIS 53327 at *14-*15 (concluding the prejudice suffered by the late disclosures was high and that "knowing the identity of another party's witness is crucial" as it "allows a party to properly prepare for contested matters."). Plaintiff filed its Motion for Class Certification on October 13, 2009 -- more than six months ago -- while the class certification discovery period ended more than three months ago on January 12, 2010. The concealment of Ms. Preston's identity and her declaration until long after the close of class certification discovery and just days away from the hearing on class certification is entirely unjustified. Defendants were never provided the opportunity to probe Ms. Preston's opinions or statements, nor offer expert testimony in rebuttal.

It is hard to fathom that Plaintiff's concealment of its expert was inadvertent, as Plaintiff now relies almost exclusively upon the Preston Declaration in support of its Motion for Class Certification and its argument that the fraud-on-the-market presumption applies and that common questions of reliance and loss causation predominate. How its purported need for this "support" could not have been known back in October 2009 suggests two possible answers: (1) either Plaintiff's counsel did not think it would need to substantiate or provide any evidentiary support for its conclusory assertions (which calls into question Plaintiff's fitness to serve as class counsel); or (2) Plaintiff deliberately failed to disclose its intention to introduce an expert in its Reply. Whatever Plaintiff's reason, as referenced above in Section II(A) *supra,* Plaintiff's failure to disclose

effectively deprived Defendants of the opportunity to interview, question, depose or otherwise discover information about Ms. Preston and her purported expert analysis upon which Plaintiff now relies in support of its Motion for Class Certification.[2]  Accordingly, the undisclosed declaration should not be considered in connection with Plaintiff's Motion for Class Certification.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court disregard and strike the expert declaration of Candace L. Preston in Support of Plaintiff's Motion for Class Certification.

DATED:  April 20, 2010

                Smith & Wesson Holding Corp.,

                By its attorneys,

                /s/  John A. Sten
                John A. Sten (BBO #629577)
                Jason C. Moreau (BBO #648678)
                Michael E. Pastore (BBO #669692)
                GREENBERG TRAURIG, LLP
                One International Place
                Boston, Massachusetts 02110
                Telephone:  (617) 310-6025
                Facsimile:  (617) 279-8425
                stenj@gtlaw.com
                moreauj@gtlaw.com
                pastorem@gtlaw.com

---

[2]  Defendants acknowledge that Plaintiff's expert designations for its <u>trial</u> experts as required by Fed. R. Civ. P. 26(a)(2) are not due until August 2, 2010.  *See* Scheduling Order at ¶ 7.  This deadline, however, is entirely separate and apart from the deadlines associated with class certification phase of this litigation and is not implicated by this Motion.  While Plaintiff may choose to designate Ms. Preston to testify at the trial of this matter, the expert declaration filed by Plaintiff is being offered exclusively to support the arguments set forth in Plaintiff's Motion for Class Certification -- not the ultimate merits of this case.

| | |
|---|---|
| Francis D. Dibble, Jr. (BBO #123220)<br>BULKLEY, RICHARDSON &<br>GELINAS, LLP<br>1500 Main Street, Suite 2700<br>Springfield, Massachusetts 01115-5507<br>Telephone:  (413) 272-6246<br>Facsimile:  (413) 272-6804<br>fdibble@bulkley.com | E. Jeffrey Walsh (*Pro Hac Vice*)<br>Brian J. Schulman (*Pro Hac Vice*)<br>GREENBERG TRAURIG, LLP<br>2375 E. Camelback Road, Suite 700<br>Phoenix, Arizona 85016<br>Telephone:  (602) 445-8000<br>Facsimile:  (602) 445-8100<br>walshj@gtlaw.com<br>schulmanb@gtlaw.com |

## LOCAL RULE 7.1(A)(2) CERTIFICATE

Counsel-of-record for SWHC hereby certifies, pursuant to Local Rule 7.1(A)(2), that they conferred with counsel-of-record for Plaintiff in a good faith effort to resolve and narrow the issues presented in this motion.

/s/ John A. Sten_____
John A. Sten

## CERTIFICATE OF SERVICE

I, John A. Sten, certify that on April 20, 2010, the foregoing document was filed electronically with the Court.  Notice will be sent by e-mail to all parties through the Court's electronic filing system and the filing may be accessed through the Court's system.

/s/ John A. Sten_____
John A. Sten