**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE SMITH & WESSON HOLDING CORP. SEC. LITIG. | ) ) ) ) | C.A. No. 07-30238 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION TO COMPEL PRODUCTION OF RESPONSIVE DOCUMENTS**
**AND SERVICE OF ADEQUATE INTERROGATORY RESPONSES**

Lead Plaintiff, Oklahoma Firefighters Pension and Retirement System ("Plaintiff"), respectfully submits this Memorandum of Law in Support of Plaintiff's Motion to Compel Production of Responsive Documents and Service of Adequate Interrogatory Reponses. Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiff seeks an order compelling defendants Smith & Wesson Holding Corporation ("S&W" or the "Company"), Michael F. Golden ("Golden"), and John A. Kelly ("Kelly") (collectively "Defendants") to produce all documents responsive to Plaintiff's First Request for Interrogatories ("Interrogatories"), Plaintiff's First Set of Document Requests ("First Requests"), Plaintiff's Second Set of Document Requests ("Second Requests") and Plaintiff's Third Set of Document Requests ("Third Requests") (collectively, the "Discovery Requests").

**INTRODUCTION**

Plaintiff's Discovery Requests are composed of several discrete and focused interrogatories and document requests seeking the production of information that is highly relevant to Plaintiff's claims. There is no question that Plaintiff is entitled to that information. Defendants simply will not produce it.

To the contrary, the responsive pleadings that Defendants served last week in lieu of a legitimate response were merely part and parcel of their gambit to avoid a reasonable extension to the parties' original discovery deadline. Specifically, Defendants are trying to create a façade of complete document discovery when, in truth, their failure to comply with discovery requests has necessitated a motion for an extension of that deadline – which Defendants' counsel previously assured Plaintiff's counsel would be no problem with Defendants.[1]

This Court should not be taken in by Defendants' façade. Indeed, as illustrated herein, Defendants' recent responses are little more than a 230-page citation to scores of previously produced documents that are largely non-responsive to Plaintiff's Discovery Requests. Therefore, the responses are manifestly deficient and Defendants should be ordered immediately to serve complete and adequate responses.

The need for immediate production here is particularly acute given Defendants' unwillingness to agree to a reasonable discovery extension. Indeed, that unwillingness has forced Plaintiff to notice numerous depositions at the tail end of the original discovery period in an effort to obtain some, albeit incomplete, testimonial evidence. Plaintiff will suffer severe prejudice if Plaintiff is unable to obtain the requested discovery in time for those depositions, either through an extension of the discovery deadline or other relief. Accordingly, this Court should put a stop to Defendants'

---

[1] Betraying the true state of Defendants' discovery efforts, after the close of business on Friday, April 23, 2010, Defendants produced another 4,000 pages of documents responsive to Plaintiff's first document request served in October 2009. *See* Declaration of Bryan A. Wood in Support of Plaintiff's Motion to Compel Production of Responsive Documents and Service of Adequate Interrogatory Responses ("Wood Decl."), Ex. 1. As a result, Plaintiff had no choice but to cancel depositions that were scheduled for the following week and begin preparations on a motion for an emergency discovery conference with the Court, which Plaintiff has filed herewith. *See* Wood Decl., Ex. 2. Moreover, in light of Defendants' refusal to agree to a reasonable extension of the parties' discovery deadline, Defendants should be compelled to completed their production of documents responsive to the First Request.

gamesmanship and compel Defendants to produce, ***immediately***, all documents responsive to Plaintiff's Discovery Requests.

## ARGUMENT[2]

The Federal Rules of Civil Procedure provide for broad ranging discovery of all relevant information. Indeed, "courts have repeatedly reiterated that notice pleading standard relies on liberal discovery rules and . . . it is now beyond dispute that [b]road discovery is a cornerstone of the litigation process contemplated by the Federal Rules of Civil Procedure." *W.E. Aubuchon Co. v. BeneFirst, LLC*, 245 F.R.D. 38, 41 (D. Mass. 2007) (internal citations and quotations omitted); *see also Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, 566 (7th Cir. 1984) (stating that Federal Rules of Civil Procedure "permit the broadest possible scope of discovery") (citation omitted).

In ruling on motions to compel discovery, courts have consistently adopted a liberal interpretation of the discovery rules. *See U.S. v. Massachusetts*, 162 F.R.D. 410, 414 (D. Mass. 1995) (quoting *Multi-Core, Inc. v. Southern Water Treatment Co.*, 139 F.R.D. 262, 264 n.2 (D. Mass. 1991) for proposition that "[R]elevant information includes any matter that is or may become an issue in the litigation"); *Semien v. Life Ins. Co. of N. Am.,* No. 03 C 4795, 2004 U.S. Dist. LEXIS 6759, at *3 (N.D. Ill. Apr. 20, 2004) (noting that "courts commonly look unfavorably upon significant restrictions placed on the discovery process"). At the same time, courts abhor gamesmanship with

---

[2] Plaintiff respectfully refers this Court to its Motion for Extension of Discovery Deadlines ("Motion to Extend") for a detailed description of Plaintiff's discovery efforts. *See* Dkt. 114. As stated therein, Plaintiff served the First Requests on October 1, 2009, the Second Requests and the Interrogatories on March 22, 2010, and the Third Requests on April 14, 2010. *See* Declaration of Bryan A. Wood in Support of Plaintiff's Motion to Extend Discovery Deadlines ("Extension Decl."), Exs. 12, 13, 14. For purposes of this motion, the only relevant discovery event that was not described in the Motion to Extend was Defendants' filing of so-called objections and responses to the Interrogatories ("Interrogatory Responses"), the Second Request ("Second Request Responses") and the Third Request ("Third Request Responses") (collectively, "Discovery Responses"), which they served on April 21, 2010. *See* Wood Decl., Exs. 3, 4, 5.

respect to discovery responses. *See, e.g., Hypertherm, Inc. v. American Torch Tip Co.*, No. 05-cv-373-JD, 2008 WL 5423833, at *3 (D.N.H. Dec. 29, 2008) (granting motion to compel adequate interrogatory responses and stating that "[i]mportantly, Rule 33(d) is not a means for a party to avoid answering interrogatories by making only a general reference to a mass of documents or records") (internal citation omitted); *Omega Eng'g, Inc. v. Omega*, S.A., No. Civ. 398CV2464AVC, 2001 WL 173765, at *4 (D. Conn. Feb. 6, 2001) (condemning "gamesmanship" with respect to both interrogatories and document requests).

**I.      Defendants' Responses to the Discovery Requests are Woefully Deficient**

Defendants' discovery responses are inadequate. As an initial matter, Defendants should be compelled to complete their document production immediately with respect to the First Requests, which they previously stated would be completed on March 1, 2010. Moreover, consistent with the parties' agreement that Plaintiff should seek additional production in the event of deficiencies in the parties' "search term" protocol (which have manifested themselves), *see* Motion to Extend, at ¶1, n.1, Plaintiff properly served the Interrogatories, the Second Requests, and the Third Requests. As shown below, however, rather than providing meaningful and complete responses to those pleadings, as the parties contemplated, Defendants have delayed production of large volumes of documents until the eve of the discovery deadline. Moreover, the Discovery Responses are little more than a sham, merely citing to a mountain of largely non-responsive documents that have already been produced. Plaintiff is thus entitled to an Order requiring Defendants to provide an adequate response to Plaintiff's Discovery Requests.

### A.     First Requests

As described in the Motion to Extend, Plaintiff agreed to production of documents responsive to various "search terms" as a means of focusing Defendants' document production efforts and promoting a more swift production. *Id.* All parties agreed, however, that Plaintiff reserved the right to seek further productions if that protocol proved unsuccessful, in whole or in part. *Id.* The parties further agreed on a rolling production so that Plaintiff's document review efforts could begin immediately. *Id.*, ¶¶7, 9. Defendants' expressly represented that they would have no problem with extending the discovery deadline should that become necessary. *See* Declaration of Bryan A. Wood in Opposition to Defendants' Motion for Protective Order and in Support of Plaintiff's Motion for Costs, at ¶2.

Subsequently, after Defendants provided only one subsequent production, Plaintiff demanded that Defendants produce all documents by a date certain, in response to which Defendants agreed to produce all documents by March 1, 2010, Wood Decl., Ex. 6. Defendants, however, failed to meet that self-imposed deadline, instead producing a large installment of documents on March 30, 2010, *see* Extension Decl., Ex. 8, and another on April 23, 2010. *See* Wood Decl., Ex. 1.

As a result, an extension of the discovery deadline has undoubtedly become necessary. When Plaintiff sought to take Defendants up on their previous assurances, however, Defendants retracted their statements concerning the discovery deadline. *See* Wood Decl., Ex. 7. Remarkably, they did so despite the fact that their rolling production is still ongoing and with the knowledge that various document discovery issues remain outstanding. Indeed, Defendants' approximately 4,000 pages of documents after the

close of business last Friday came one week after they refused to extend the discovery deadline, two weeks before the discovery deadline, and the very day that depositions were set to begin.[3]  *See* Wood Decl., Ex. 1.

Accordingly, Plaintiff is no longer willing – and should not have to accept – delay in the production of documents responsive to the First Requests.  Defendants' "bait and switch" tactics concerning the discovery deadline demonstrates that they are simply trying to gain an unfair litigation advantage and have no interest in full discovery, as contemplated by the Federal Rules.  Therefore, this Court should require them to produce, *immediately*, all documents responsive to Plaintiff's First Request.

### B.  Interrogatory No. 1

Interrogatory No. 1 states as follows:

> Identify any and all periodic (*e.g.,* daily, weekly, monthly, quarterly, yearly) sales goals, plans, quotas, targets, and/or incentives applicable during the Relevant Period to S&W sales persons, without limitation, the individuals listed on Exhibit A.  For each individual sales person, identify all applicable trade channels, sales regions, product types, and/or products for which the individual sales person had sales responsibilities.[4]

*See* Extension Decl., Ex. 12.  Defendants' response, in pertinent part, was the following:

> Attached as Exhibit A is a listing, by bated designation, of documents Defendants have produced to Plaintiff that contain information sought by this Interrogatory.  In addition to the documents listed in Exhibit A, Defendants have produced several Organizational Charts to Plaintiff that also contain information sought by this Interrogatory.  *See* documents bates-stamped SWHC 56233 through SWHC 56259.

---

[3]  In what can only be described as the very definition of "moxie," Defendants actually moved to quash several of those depositions – which were prompted in the first place by their unwillingness to act reasonably concerning discovery matters – on the grounds that they were inconvenient to Defendants' schedules.  *See* Dkt. 116.

[4]  Exhibit A listed fifty (50) sales people of which Plaintiff was aware and with respect to which Plaintiff, at a minimum, expected responses.  *Id.*

Wood Decl., Ex. 2.[5]

By way of Interrogatory No. 1, Plaintiff sought *specific* information relating to *individual* sales persons for S&W's fiscal years 2006, 2007, and 2008, including their individual sales goals, plans, quotas, targets, and incentives. *See* Extension Decl., Ex. 12 (Interrogatories, at 4). Furthermore, Plaintiff requested information concerning the particular trade channels, sales regions, and products for which they had sales responsibility. *Id.* There can be no mistake that such information is highly relevant to Plaintiff's claims. Plaintiff has alleged that S&W's sales staff was not meeting their targets prior to, and during, the Class Period – a fact that drove home the point to senior management that demand for the Company's products could not justify their rosy public statements. *See* Consolidated Class Action Complaint (Dkt. 47) ("Cplt."), ¶¶2, 5, 7, 72-78. Accordingly, Plaintiff has a right to obtain the requested information.

In response to Interrogatory No. 1, however, Defendants merely made a blanket statement to the effect that they have already produced all responsive documents. *See* Wood Decl., Ex. 2. In a word, Defendants' claim is *false*. Most of the cited documents are completely non-responsive. Although some of the identified Bates ranges have minimal relevance to Interrogatory No. 1, taken together they fall woefully short of a completely responsive production. ████████████████████████████
████████████████████████████

---

[5]   Deciphering Defendants' Discovery Responses has proven to be a confusing endeavor (perhaps by design). For example, although the Interrogatory Responses cite to the attached "Exhibit A," there is no Exhibit A attached to that document. *Id.* Defendants, however, did attach three Exhibits to their response to the Third Request ("Third Request Response"), two of which are entitled "Exhibit A," and the second of which contains the titles "Strat Plan" and "Incentive Plans." *Id.*, Ex. 5 (Third Document Request Response, second Ex. A). Left to guess, Plaintiff assumes for purposes of this motion that documents referenced by Defendants in response to Plaintiff's Interrogatory No. 1 are listed on this second Exhibit A to Defendants' Third Request Response.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████, attached as to Wood Decl. as Ex. 8. Without being placed context, those documents are meaningless. They completely lack each individual sales person's periodic target or goal for fiscal years 2006, 2007, and 2008.

Defendants also cited to equally meaningless documents they referred to as "Strat Plans." ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████, attached to Wood Decl. as Ex. 9.

Similarly, Defendants identified several organizational charts – ████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████, attached to Wood Decl. as Ex. 10.

Finally, although several other ███████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████, attached to Wood Decl. as Ex. 11. ████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████ As a result, the citation to those documents not only highlights the fact that Defendants have failed to provide information for most of the salespeople employed by S&W during the Relevant Period (including S&W's Regional Sales Managers and District Sales Managers listed on Exhibit A to the Interrogatories), but also that the information Defendants did provide was substantially incomplete. Accordingly, Defendants should be ordered to provide an adequate response to Interrogatory No. 1.

### C. Interrogatory No. 2

Interrogatory No. 2 states as follows:

> Identify the actual sales performance (*e.g.*, daily, weekly, monthly, quarterly, yearly) during the Relevant Period for each individual referenced in Interrogatory No. 1. For each such individual, provide actual unit sales, sales revenue, and a percentage comparison of such sales to all periodic sales goals, plans, quotas, targets, and/or incentives identified in your response to Interrogatory No. 1.

Extension Decl., Ex. 12 (Interrogatories, at 4). Defendants' response, in pertinent part, was the following:

> Attached as <u>Exhibit B</u> is a listing, by bates designation, of documents Defendants have produced to Plaintiff that contain the information sought by this Interrogatory.

Wood Decl., Ex. 3 (Interrogatory Responses, at 2-3).

By way of Interrogatory No. 2, Plaintiff requested information concerning the individual sales *results* of S&W's sales persons (as compared to their individual targets and/or quotas) for the Relevant Period. Such information is some of the most relevant evidence available, considering that Plaintiff alleged that the failure of S&W's sales staff

9

to meet its periodic sales targets unequivocally reflected the lack of demand for the Company's products. *See* Cplt., ¶¶2, 5, 7, 72-78. Therefore, Plaintiff is entitled to it.

Again, Defendants' only response is the false claim that they have produced all responsive documents.[6] Wood Decl., Ex. 3 (Interrogatory Response, at 3). Exhibit B references a burdensomely voluminous series of documents – 230 pages worth of Bates ranges – that includes six categories of documents entitled "Call Reports," "Orderometers," "Daily Numbers," "Weekly Sales," "Monthly Sales," and "Sales." *Id.* As described below, however, virtually all of those documents are patently non-responsive:

- All cited "Call Reports" ███████████████████████████████████████
████████████████████████████████████████████████████████
████████, attached to Wood Decl. as Ex. 12

- All cited "Orderometers" ████████████████████████████████████
████████████████████████████████████████████████████████
████████████, attached to Wood Decl. as Ex. 13

- All cited "Daily Numbers" documents ████████████████████████
████████████████████████████████████████████████████████
████████████, attached to Wood Decl. as Ex. 14

- All cited "Weekly Sales" reports ██████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████, attached to Wood Decl. as Ex. 15 ████████
████████████████████████████████████████████████████████ *Id.*

---

[6] Similar to Defendants' response to Interrogatory No. 1, the exhibit they cite as listing all responsive Bates ranges does not exist. Accordingly, Plaintiff has assumed for purposes of this motion that Defendants are referring to Exhibit B attached to Defendants' Third Request Responses.

10

- All cited "Monthly Sales" documents , attached to Wood Decl. as Ex. 16 and

- All cited "Sales" documents , attached to Wood Decl. as Ex. 17

Accordingly, given Defendants' pathetically deficient response, this Court should order them to provide an adequate response to Interrogatory No. 2.

### D. Interrogatory No. 3

Interrogatory No. 3 states as follows:

Identify all individuals who, during the Relevant Period, attended the daily sales and inventory meetings described in the Complaint. For each individual attendee, identify the dates of his or her attendance or, to the extent that such information is unknown, the general time period which he of she is believed to have attended such meetings.

Extension Decl., Ex. 12 (Interrogatories, at 4). Defendants' response, in pertinent part, was the following:

SWHC has indicated that there was not a pre-determined list of SWHC employees that were invited to attend the Orderometer meetings on a daily basis, nor was there a sign-in and/or attendance sheet to memorialize who attended those meetings. Generally, the employees that received Orderometer reports by email from either John Kelly, Joseph Fillion, Martin Devasier, Joseph Reilly, or Christine Gibb attended the meetings as their schedules permitted.

11

Wood Decl., Ex. 3 (Interrogatory Responses, at 3). Defendants' response concluded with a list of fifty-one (51) individuals whom Defendants claim to have attended the meetings based on their receipt of the Company's daily Orderometer report. *Id.*

Interrogatory No. 3 calls for Defendants to identify all individuals who attended the daily sales and inventory meetings and the dates of their attendance. Extension Decl., Ex. 12 (Interrogatories, at 4). Given Plaintiff's allegations that the topic of discussions at those meetings at crucial time periods was S&W's lack of demand and rising inventory, the ***dates*** of attendees' participation in those meetings is highly relevant information. *See* Cplt., ¶¶6, 46, 56-62. Defendants, however, have completely failed to provide that information. Nevertheless, they concede that they have it available in the form of daily Orderometer distribution lists. *Id.* It is, therefore, incumbent on Defendants either: (1) to provide the relevant distribution lists; or (2) to provide the information contained on those distribution list in narrative format. They have done neither. This Court should order them to do so.[7]

### E.     Third Request No. 1

Third Request No. 1 requests production of the following:

> Any and all documents concerning S&W's Program Change Requests ("PCRs") and PCR control logs, *e.g.*, SWHC131186 and SWHC121140, including all documents and communications relating to the approval and/or implementation of PCRs.

---

[7]     Plaintiff's Second Requests were designed to elicit production of all documents responsive to the subject matter of Interrogatories. Considering that Defendants' responses to the Interrogatories were deficient, Plaintiff must conclude that Defendants' responses to the Second Requests were also deficient. Accordingly, Plaintiff respectfully requests that this Court enter an Order requiring Defendants to provide an adequate response to Plaintiff's Second Requests.

Extension Decl., Ex. 13 (Document Request, at 5). Defendants claim in their Third Request Response to have already produced all such documents, identifying eighty-eight (88) Bates ranges of responsive documents. Wood Decl., Ex. 5.

Plaintiff has learned that PCR forms captured alterations from S&W's usual contract terms. Significantly, there is evidence that numerous PCRs █████████ ████████████████████████████████████████████████████████ █████████████████████████████████████████████████ █████████████████████████████████████████████████ █████████████████████████████████████████████ ████████████████████████████████████████████████████, Wood Decl., Ex. 18. Plaintiff has also discovered that ███████████████████ ████████████████████████████████████████████ ██████████████████████████████████, Wood Decl., Ex. 19. Accordingly, *executed* PCRs are highly relevant documents that directly implicate S&W's senior management in that scheme.

Yet, of the 88 documents that Defendants designated as "Program Change Requests," ████████████████████████████████████████. Accordingly, Defendants should be ordered forthwith to produce all executed PCRs.

**F.     Third Request No. 2**

Third Request No. 2 requests production of the following:

Any and all 'monthly books' and/or 'red books' cited during S&W's March 25, 2010 deposition conducted pursuant to Fed. R. Civ. P. 30(b)(6) ('30(b)(6) Deposition') as referenced on pages 145-195 of the 30(b)(6) Deposition Transcript.

13

Extension Decl., Ex. 13 (Document Request, at 5). Defendants claim to have produced all such documents. *See* Wood Decl., Ex. 5 (Defendants' Third Request Responses, at 2). Defendants' response, however, is incomplete in that it fails to identify the "red books" for January 2007 and for calendar year 2008-present.[8] *Id*. This Court should compel Defendants to produce the missing "red books" and related documents immediately.[9]

### G. Third Request No. 3

Third Request No. 3 seeks the following documents:

> Any and all and/or other 'books' referenced during the 30(b)(6) Deposition prepared for senior managers for any purpose, including without limitation meetings with S&W's Board of Directors and/or investor conference calls.

Extension Decl., Ex. 13 (Document Request, at 5). In response, Defendants failed to cite any documents, claiming that S&W's Rule 30(b)(6) designee, Defendant Kelly, testified ████████████████████████████████████████████ Wood Decl., Ex. 5 (Defendants' Third Request Responses, at 3).

Defendants' sole basis for failing to respond to this request is a gross mischaracterization of Kelly's testimony. Although Kelly testified that ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[8] Although Defendants undoubtedly will argue that "red books" from parts of 2008, and all of 2009 and 2010 are not relevant, certainly they cannot make that claim with respect to "red books" from any calendar month that was part of fiscal year 2008 – the forecasts for which form the core of Plaintiff's allegations. At the very least, they should be ordered to produce those documents from fiscal year 2008.

[9] Moreover, it is unclear whether Defendants' designations also reference "monthly books." To the extent that such documents differ from "red books," Defendants should be ordered to produce them as well.

14

███████████████████████ Moreover, █████████████████████████

█████████████████████████████████████, attached to Wood Decl. as Ex. 21

(referencing █████████████████████████████████████

█████████████████████). Accordingly, this Court should compel Defendants to

produce all documents relating to various "books" prepared for the Board meetings,

earnings calls, or any other purpose.

### H.   Third Request No. 4

Third Requests No. 4 seeks the following documents: "Any and all documents

concerning S&W's periodic 'business review' meetings, *e.g.,* SWHC140556-

SWHC140563." Extension Decl., Ex. 13 (Document Request, at 5). In response,

Defendants again cited to group of Bates ranges of documents that had already been

produced. *See* Wood Decl., Ex. 5 (Defendants' Third Request Responses, second Exhibit

A). Although evidence indicates that █████████████████████████████

█████████████████████, attached to the Wood Decl. at Ex. 22, Defendants failed

to produce any documents from such meetings for most of the Relevant Period. In

particular, Defendants have failed to produce any materials for such meetings held from

May 2005-September 2006, November 2006, January-April of 2007, October-December

of 2007, and January-May 2008. Moreover, although the evidence demonstrates that

█████████████████████████████████████████████████████

█████████████████████, attached to the Wood Decl. at Ex. 23, Defendants have

abjectly failed to produce any such documents. Given the senior level attendees at the

"business review" meetings ████████████████████████████ and the manifestly

relevant subject matter of those meetings ███████████████████████, there is no

15

question that such documents are highly relevant to Plaintiff's claims. Accordingly, Defendants should be ordered to produce a complete set of them.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court enter and Order compelling Defendants immediately: (1) to serve adequate and complete responses to Plaintiff's Interrogatories; and (2) to produce all documents responsive to Plaintiff's First Requests, Second Requests, and Third Requests.

Respectfully submitted,

Dated: April 27, 2010    By: **BERMAN DEVALERIO**

By:   /s/ Bryan A. Wood
Glen DeValerio, BBO#122010
Bryan A. Wood, BBO# 648414
Jason M. Leviton, admitted *Pro Hac Vice*
One Liberty Square
Boston, Massachusetts 02109
Tel.: 617-542-8300
Fax: 617-542-1194
Email: *bwood@bermanesq.com*

**Lead Counsel for Lead Plaintiff Oklahoma Firefighters Pension and Retirement System**

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Counsel for Plaintiff hereby certifies, pursuant to Local Rule 7.1(a)(2), that they conferred with counsel for Defendants in a good faith effort to resolve and narrow the issues presented in this motion.

/s/ Bryan A. Wood
Bryan A. Wood

## FEDERAL RULE OF CIVIL PROCEDURE 37(d)(1)(B) and LOCAL RULE 37.1 CERTIFICATION

Counsel for Plaintiff hereby certifies, pursuant to Federal Rule of Civil Procedure 37(d)(1)(B) and Local Rule 37.1(a)(2), that they conferred with counsel for Defendants in a good faith effort to resolve and narrow the issues presented in this motion.

/s/ Bryan A. Wood
Bryan A. Wood

## CERTIFICATE OF SERVICE

I, Bryan A. Wood, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as nonregistered participants by first class mail on April 27, 2010.

Dated:  April 27, 2010          /s/ Bryan A. Wood
                                Bryan A. Wood